UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


JAKE IMPASTATO                         *        CIVIL ACTION

                                                         8669
versus                                 *        NO. 06-~~8069~~


LOUISIANA CITIZENS FAIR PLAN COMPANY,   *        SECTION "F"
KENNY TAYLOR, and ALLSTATE INSURANCE
COMPANY


<u>ORDER AND REASONS</u>

Before the Court is the plaintiff's motion to remand.
For the reasons that follow, the motion is GRANTED.


<u>Background</u>

Jake Impastato's property was damaged by Hurricane
Katrina.  Some time before the storm, he secured a homeowner's
insurance policy through the Louisiana Citizens Fair Plan Company
and a flood insurance policy from State Farm through his insurance
agent, Kenny Taylor.  The flood insurance policy was a Write-Your-
Own (WYO) policy, underwritten through the National Flood Insurance
Program (NFIP) operated by FEMA.  Impastato filed claims under both
policies.  Allstate paid his flood damage claim to the full flood
policy limits of $30,000.  The homeowners policy, worth $90,000

1

plus *coverage for contents*, excludes coverage for damages caused by rising water, but provides coverage for wind and rain damage. Impastato and Louisiana Citizens were unable to agree on the adjustment of his homeowner's policy claim, largely due to the disagreement of whether damage was caused by hurricane winds and rain or subsequent flooding.

Impastato sued Allstate, Louisiana Citizens, and Kenny Taylor in state court on August 29, 2006. He asserted claims against *Louisiana Citizens for failure to pay* and adjust his claim properly under his homeowners policy. He alleged that Taylor "knew or should have known that [his homeowner's policy through Louisiana Citizens] had dwelling limits of $90,000 and coverage for contents...[but] [n]evertheless, Mr. Taylor sold [him] a flood insurance policy issued by Allstate [in which] the dwelling limits were only $30,000 and [included] no coverage for contents." Impastato argues that Taylor "failed in his duty to properly advice [sic] Mr. Impastato of his insurance *need, which constitutes* negligence." The complaint includes Allstate as a defendant, stating that it is "vicariously liable for the damages occasioned *by Mr. Taylor.*"

Allstate removed the case to this Court on October 19, 2006, invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal officer removal jurisdiction under 28 U.S.C. § 1442, and original jurisdiction to adjudicate NFIP claims

under 42 U.S.C. § 4072.  The plaintiff now moves to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured.  See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).  The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Sullivan v. State

Farm and Casualty Co., et al., 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

## II.

This case is similar to the plaintiff's case in Landry:

> The case at hand is a cause of action for errors and
> omissions of [the insurer's] agent relating to his
> alleged failure to obtain ... coverage for Plaintiff's
> home.  [The insurer's] liability arises through that
> agent and his extra-contractual duty of reasonable
> diligence; therefore, the Plaintiff's claims do not
> result from, relate to, or arise from State Farm's
> compliance with FEMA regulations under an NFIP policy.

The plaintiff characterizes his claims as a claims dispute under their homeowners policy with Louisiana Citizen and, as a separate claim, an errors and omissions claim regarding initial procurement of flood insurance by Taylor.  Allstate's arguments for federal jurisdiction depend on its contention that the plaintiff's claims implicate the NFIP.  Its arguments fail.

The adjustment of the flood claim is not at issue because the policy limits have already been paid.  Instead, the plaintiff asserts claims concerning policy procurement that do not implicate the NFIP.  The defendants insist that the fact that Allstate is a fiscal agent of FEMA as a WYO, and, therefore, Taylor's activity as an agent of Allstate automatically implicates the NFIP and creates federal question jurisdiction.  Allstate fails to convince the Court, however, that resolution of the plaintiffs' claims would impact the federal treasury.  The statutory and regulatory scheme

4

regulating flood insurance contemplates original exclusive federal jurisdiction over federal flood insurance policies for which the federal government would be responsible for reimbursing the WYO company if the claimant prevails; but no federal funds are at stake in this lawsuit because the flood policy has already been paid.

The defendants' assertion that this Court has jurisdiction pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442, likewise fails.  Allstate's status as a WYO carrier is irrelevant to the plaintiff's claims for negligence in policy procurement.  A court resolving the plaintiff's claims need not resort to federal flood insurance policy interpretation or the federal flood insurance statutory and regulatory scheme.  Allstate contends that it is FEMA's fiscal intermediary and, therefore, removal under this statute is appropriate.  But Allstate merely recites authority for the general proposition that federal regulations govern flood insurance.  This falls short of establishing that it acted pursuant to a federal officer's directions and that a causal nexus exists between its actions under color of federal office and the plaintiff's claims.  See Rizzuto v. Tully, et al., 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006) (Africk, J.) (citing Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998)).

Because the Court lacks subject matter jurisdiction over this suit, the plaintiff's motion to remand is GRANTED.  The case

is hereby remanded to the Civil District Court for the Parish of
Orleans.

New Orleans, Louisiana, April 3, 2007.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

6